## STATE v. ERASTUS DOWNS.

### *" Broadside Exceptions "* to *Judge's Charge—Exceptions to Evidence.*

1. Rulings of the lower court upon the admission or rejection of evidence will not be reviewed unless excepted to on the trial.

2. "Broadside exceptions" to the judge's charge will not be considered.

STATE *v.* DOWNS.

INDICTMENT for assault and battery, tried before *Ewart*, *J.*, at January Term, 1896, of the Criminal Circuit Court of HAYWOOD County.

*The Attorney General*, for the State.
*Messrs. Ferguson & Ferguson*, for defendant (appellant).

CLARK, J.: The evidence that the shooting had occurred about the time the defendant's distillery had been cut up was admitted by the court, as it stated, simply to fix the date of the assault. Thus restricted, certainly it was unobjectionable. The evidence of Robert Boyd was very indefinite. Though the defendant asked that it be excluded, there was no exception for failure to do so. *Code*, Sec. 412 (2). *Taylor* v. *Plummer*, 105 N. C., 56. The exception to the charge is not to any specific instruction, but is a "broadside exception" to the entire charge, and therefore cannot be considered for the reasons given in *McKinnon* v. *Morrison*, 104 N. C., 354, and the numerous cases affirming it, Clark's Code, (2nd Ed.,) pp. 382, 383, and in supplement to same, p. 64. Besides, the charge presented no grounds for exception by this defendant.

No Error.