STATE v. JAMES I. MOORE.

*Indictment for Murder—Jury, Selection and Qualification of—*
*Error, Review of—Severance—Exceptions.*

1. The action of a trial judge in determining the qualifications of a jury-
   man, if erroneous, is ground for a challenge to the array by a mo-
   tion to quash and set aside the entire panel, and in the absence of
   such challenge a defendant cannot be allowed to take advantage
   of the alleged error after trial and judgment.
2. The refusal of a trial judge to grant a severance in the trial of two de-
   fendants is a matter of discretion and not reviewable on appeal.
3. A "broadside" exception "to the charge as given" will not be
   considered.

INDICTMENT for murder, tried at Fall Term, 1896, of
FRANKLIN Superior Court, before *Graham, J.*, and a jury.
The defendant was convicted and appealed.

   *Messrs. Attorney General Zeb V. Walser* and *W. M.*
*Person*, for the State.
   *Mr. F. S. Spruill*, for defendant (appellant).

FURCHES, J.: This is an indictment for murder, and the
judge trying the case ordered a special *venire* and directed
that it should be drawn from the jury box, under Section
1739 of *The Code*. In drawing this jury, upon the tes-
timony of the sheriff and others, the judge undertook to
try and determine who were and who were not freehold-
ers. And when the name of J. H. King was drawn from
the box, the judge found from the testimony of these par-
ties, and from the fact that the tax books did not show that
said King had listed any land for taxation, that he was
not a freeholder, and rejected his name and refused to
allow it to go in the *venire facias*. To this the defendant
objected.

The defendant was indicted in the same bill with another defendant (his brother), who was acquitted. And this defendant moved for a severance, which was refused and he excepted

The defendant made a further exception in the following words: "The prisoner excepts to the charge as given."

These, as far as we are able to ascertain from the record, constitute the defendant's exceptions upon which he grounds his appeal.

The first error assigned, the rejection of the name of J. H. King drawn from the jury box, is not presented in such a way that we can consider it in this appeal. If the action of the judge, in undertaking to determine the qualifications of a juryman at that stage of the proceeding and progress of the trial, was erroneous, as the defendant contends, it was ground for a challenge to the array by a motion to quash and set aside the entire panel. As the defendant did not challenge the array, it is presumed that he was satisfied with it, as it was returned, and he cannot be allowed to take advantage of this objection after trial and judgment in this way. 1 Burrell L. Dict., pp. 129 and 271; 3 Blackstone Com. Star., p. 359; *State* v. *Murphy*, Winst. Rep., 129; *Boyer* v. *Teague*, 106 N. C., on pp. 619 and 620.

The exception to the refusal of the judge to grant the defendant's motion for a severance cannot be sustained. This is a matter of discretion and not appealable. *State* v. *Gooch*, 94 N. C., 987; *State* v. *Oxendine*, 107 N. C., 783.

The exception "to the charge as given," is too general and indefinite, and cannot be considered on that account. *State* v. *Downs*, 118 N. C., 1242; *State* v. *Varner*, 115 N. C., 744; *State* v. *Nipper*, 95 N. C., 653. But the learned counsel, who argued the case for the defendant, stated that there was nothing in this exception (to the judge's charge),

unless he could induce the court to review and overrule the cases of *State* v. *Fuller*, 114 N. C., 885; *State* v. *Gadberry*, 117 N. C., 811, and *State* v. *Locklear*, 118 N. C., 1154. This we cannot do, and the judgment must be affirmed.

Affirmed.