STATE v. C. M. GRACE.

(Filed 21 November, 1928.)

**1. Embezzlement—Indictment—Proof and Variance.**

The crime of embezzlement rests upon statute alone, and conviction thereof under an indictment drawn under C. S., 4268, when the evidence tends only to show a violation of C. S., 4270, is erroneous upon the ground that the proof is at variance with the offense charged in the bill.

**2. Indictment—Proof and Variance—Methods of Raising Question— Motions.**

The method of raising the question of variance between the indictment and proof is by motion to dismiss as in case of nonsuit, and not by motion in arrest of judgment.

**3. Criminal Law—Motions in Arrest of Judgment—Nature and Grounds in General.**

A motion to arrest a judgment in a criminal action will be allowed only where some fatal error or defect appears on the face of the record.

APPEAL by defendant from *Oglesby, J.,* at May Term, 1928, of MECK-LENBURG. Reversed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Jake F. Newell, A. A. Tarlton and W. H. Bobbitt for defendant.*

ADAMS, J. The defendant was convicted of embezzlement. The indictment, which was drafted conformably to C. S., 4268, charges that the

defendant was the agent, consignee, clerk, employee, and servant of a charitable organization known as The House of Prayer; that he was entrusted with the receipt of money for the organization; and that he received and had under his care the sum of five thousand dollars, which he embezzled and fraudulently converted to his own use. The evidence includes a number of transactions, but the circumstances on which the State chiefly relies, granting for the immediate purpose that they are sustained by the testimony, are these: (1) the fact that the original deed to the Charlotte property was taken in the defendant's name; (2) that the defendant's use of $385 for the purchase of a tent in Norfolk was unauthorized; (3) that the defendant's use of $1,200 for the purchase of a lot in Washington for The House of Prayer was not authorized.

The defendant contends that the proof in respect to these matters is not comprehended by or included in the indictment; that if the defendant is guilty of any offense it is a breach of that portion of C. S., 4270, not embraced in the bill of indictment, and that there is a fatal variance between the allegation and the proof. The Assistant Attorney-General, pursuant to his uniform frankness, admits that the proof does not sustain the specific charge on which the defendant is prosecuted, and that the alleged variance is fatal.

The crime of embezzlement is of statutory origin, and the principle is established that when the words of a statute are descriptive of the offense, the indictment should follow the language and expressly charge the offense described. *S. v. Maslin,* 195 N. C., 537; *S. v. Edwards,* 190 N. C., 322; *S. v. McDonald,* 133 N. C., 680; *S. v. Bagwell,* 107 N. C., 859. The indictment does not follow the descriptive words in C. S., 4270.

The defendant moved in arrest of judgment, but the motion was properly denied for the reason that a criminal prosecution may be arrested only for some error or defect appearing on the face of the record. *S. v. McKnight, ante,* 259; *S. v. Lewis,* 194 N. C., 620. But the defendant in a criminal action may raise the question of a variance between the indictment and the proof by a motion to dismiss the prosecution as in case of nonsuit. This is clearly set forth in *S. v. Gibson,* 170 N. C., 697; *S. v. Harbert,* 185 N. C., 760; *S. v. Harris,* 195 N. C., 306. At the close of the State's evidence and at the conclusion of all the evidence the defendant moved to dismiss the action. The motion should have been allowed. The judgment and verdict will be set aside and the action dismissed with leave to the Solicitor to send another bill, if he deems it advisable to do so.

Reversed.