## STATE v. ELVIE BROWN.

(Filed 6 November, 1946.)

**1. Criminal Law § 81c (3)—**

The exclusion of testimony cannot be held prejudicial when testimony of the same import is admitted without objection.

**2. Criminal Law § 77c—**

Where only a portion of the charge is brought forward in the record, all other portions of the charge not brought forward will be deemed without error.

**3. Automobiles § 31a—**

Where the driver of a car admits that he knew he had hit a man and did not stop or return to the scene, his own testimony discloses a violation of G. S., 20-166 (c), and his good faith in stopping 200 yards away from the accident and obtaining aid for the injured man before proceeding on his way to his home is immaterial on the issue of guilt or innocence and the exclusion of testimony to this effect is without error.

**4. Same—**

G. S., 20-166 (c), requires the driver of a vehicle involved in an accident to stop at the scene, and in the event the accident involves the injury of any person, it requires him to give his name, address, operator's license and the registration number of his vehicle, and to render reasonable assistance to the injured person.

APPEAL by defendant from *Sink, J.,* at June Term, 1946, of RAN-DOLPH. No error.

The defendant was charged with failing to stop at the scene of an accident in which the automobile he was driving was involved, in violation of G. S., 20-166.

The jury returned verdict of guilty, and from judgment imposing sentence defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. Lee Moody and Walter D. Siler for defendant.*

DEVIN, J. The State's evidence disclosed that the witness Smith was struck and his hip and leg broken by a speeding automobile driven by the defendant, and that the defendant did not stop at the scene of the accident or give his name, address and license number as required by the statute, G. S., 20-166. The place where the accident occurred was on the highway near Liberty, North Carolina. The defendant admitted that he knew he had hit a man and did not stop or return to the scene, but did

CLINTON *v.* ROSS.

stop at a store 200 yards away and "got Mr. Moore (Murray) to take the injured man to Liberty." Defendant testified that he went home and hid because he was scared.

The defendant excepted to the exclusion of testimony as to his effort to obtain assistance for the injured man, but the substance of this evidence seems to have been admitted without objection. *S. v. Elder,* 217 N. C., 111, 6 S. E. (2d), 840. In any event we think the evidence was immaterial on the issue of his guilt or innocence of the offense charged.

The defendant also brought forward in his appeal a single paragraph of the judge's charge to which he noted exception. As the remainder of the charge does not appear, it is presumed the court charged the law correctly. *S. v. Hargrove,* 216 N. C., 570, 5 S. E. (2d), 852; *S. v. Jones,* 182 N. C., 781, 108 S. E., 376. Nor do we find prejudicial error in the portion excepted to.

The defendant relies upon his good faith after the accident in obtaining aid for the injured man, but this humane action cannot be held to relieve the defendant, if as a matter of fact he had violated the statute. The statute not only required the driver of a vehicle involved in an accident to stop at the scene of the accident, but also, when the accident results in injury to any person, the driver is required to give his name, address, operator's license and the registration number of his vehicle, and to render reasonable assistance to the injured person. *S. v. King,* 219 N. C., 667, 14 S. E. (2d), 803. It is apparent that on his own testimony the defendant has violated the provisions of this statute. G. S., 20-166 (c).

The subsequent action of the defendant was a matter for the consideration of the court in entering judgment.

In the trial we find

No error.