Criminal prosecution on indictment charging the defendants with gambling, i.e., playing poker at which money was bet.
It appears from facts set out in brief of defendants that on 5 July, 1946, at about 1:30 a.m., while the defendants were playing poker in the kitchen of the home of James Foster, a machine gun was thrust through the screen door, and the defendants were commanded to keep their hands on the table. Two masked men, one with a machine gun and the other with a pistol, then entered the room, forced the defendants to stand with their faces to the wall, and each was robbed of the money he had on his person. The money on the table was also taken. James Foster was then marched into another room and forced to open his safe, which contained approximately $19,000.00. In all, the robbers got about $20,000.00.
At the August Term, 1946, Wilkes Superior Court, indictments were returned by the grand jury against Carl Keaton, Cola Keaton and Calvin Spillman, charging them with robbery, and against the defendants herein, James Foster, Dobe Powell, Charlie Combs and Joe Holland (together with Calvin Spillman), charging them with gambling. (Calvin Spillman was physically unable to attend court and has not been tried on either indictment.)
The defendants, and each of them, pleaded guilty of gambling.
Judgment as to each defendant: 12 months in jail "and assigned to work on the roads at hard labor as provided by law, and pay the costs."
Thereupon, at the same term of court, each of the defendants filed motion in arrest of judgment and proffered a plea in amnesty, based on the following allegations:
1. On the bill charging Carl Keaton, et al., with robbery from the person with firearms, which was sent to the grand jury at the August Term, *Page 73 
1946, these defendants were listed as witnesses, and two of them, James Foster and Dobe Powell, actually appeared and disclosed to the grand jury the game of chance they were engaged in playing at the time of the holdup and robbery. This was with the full knowledge and consent of the solicitor.
2. The same grand jury returned a true bill against these defendants for gambling.
3. These defendants were advised that, as a matter of strategy, it would materially assist in obtaining a conviction in the robbery case, if the two indictments were consolidated for trial and pleas of guilty entered by the defendants in the gambling case. Whereupon, the consolidation being "agreed upon and approved by the court," these defendants entered pleas of guilty to gambling prior to the impaneling of the jury in the robbery case, said pleas being entered "for the purpose of aiding and assisting the Solicitor for the State of North Carolina to obtain a conviction in the robbery case."
4. These defendants were used by the State as witnesses in the robbery case, and convictions were obtained therein on their testimony. Indeed, the consolidation and trial of the robbery case with one in which there was nothing to try could have been only for the purpose of aiding in the prosecution of the robbers.
5. These defendants are advised and believe that the solicitor for the State was put to an election of either prosecuting them for gambling or using them as witnesses in the robbery case, in which latter event they were pardoned by operation of the statute. G.S., 8-55. Therefore, they pray for relief from the judgment rendered against them.
Upon consideration of the motions in arrest and pleas in amnesty, the court found certain facts — omitting, however, to make any findings in respect of the matters alleged in paragraphs 1 and 3 above, except that the consolidation was with the court's approval — and being of opinion that the defendants were not entitled to the relief sought, denied the motions, from which rulings, the defendants appeal, assigning errors.
It seems to be conceded that the principal question here sought to be presented is one of first impression in this jurisdiction. However, as no determinations were made by the court below in respect of the material allegations set out in paragraphs 1 and 3 above, we are *Page 74 
disposed to vacate the rulings and remand the case for further proceedings as to justice appertains and the rights of the parties may require.
We refrain from discussing the matters in advance of the further hearing, which may be confined to the pleas in amnesty. Motions in arrest of judgment in criminal actions are allowable only when some error or fatal defect appears on the face of the record. S. v. Deal, 207 N.C. 448,177 S.E. 332; S. v. Satterfield, 207 N.C. 118, 176 S.E. 466; S. v.Bittings, 206 N.C. 798, 175 S.E. 299; S. v. Grace, 196 N.C. 280,145 S.E. 399; S. v. McKnight, 196 N.C. 259, 145 S.E. 281; S. v. Mitchem,188 N.C. 608, 125 S.E. 190. No such error is apparent on the face of the present record.
Needless to add that when the matters are reached again in the Superior Court, the judge hearing the motions will be vested with the same discretionary authority as the judge at the trial term who originally imposed the sentences.
Error and remanded.