## STATE v. CARL STANTLIFF.

(Filed 19 May, 1954.)

**1. Criminal Law § 79: Appeal and Error § 29—**

Exceptions not set out in the brief and in support of which no reason or argument is stated or authority cited, will be deemed abandoned. Rules of Practice in the Supreme Court, No. 28.

**2. Criminal Law § 78e (1): Appeal and Error § 6c (5)—**

An exception to the charge which does not point out any particular statements or omissions objected to is ineffective as a broadside exception.

**3. Criminal Law § 53f: Trial § 31e—**

The mere fact that the court uses more words in the summation of the State's contentions than it does in the summation of the defendant's contentions does not in itself support an assertion that the court expressed an opinion on the evidence in violation of G.S. 1-180.

APPEAL by defendant from *Nimocks, J.,* September Criminal Term, 1953, of ROBESON.

Criminal prosecution upon bill of indictment charging that defendant, Carl Stantliff, on 31 July, 1953, did "unlawfully, wilfully and feloniously leave the scene of an accident, in which he, the said Carl Stantliff, was involved as the driver of a motor vehicle upon the highways of North Carolina, without stopping, leaving his name, address, operator's license number and the registration number of his vehicle with the person operating the other motor vehicle involved, and without rendering or offering to render reasonable assistance to a person seriously injured in said accident, in violation of G.S. 20-166 (a) and (c), against the form of the statute in such case made and provided and against the peace and dignity of the State."

Defendant pleaded not guilty. A jury trial ensued. Verdict: "Guilty as charged in the Bill of Indictment." The court pronounced judgment of imprisonment, from which defendant appeals.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Charles G. Powell, Jr., Member of Staff, for the State.*

*F. D. Hackett and Robert Weinstein for defendant, appellant.*

BOBBITT, J. Plenary evidence was offered in support of each averment of the bill of indictment.

"Exceptions in the record not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him." Part Rule 28, Rules of Practice in the Supreme Court of North Carolina. 221 N.C. pp. 562-563.

The only exception set out in appellant's brief appears in the record as follows: "Defendant excepts to the foregoing charge of the court. Exception 7." Upon this exception appellant bases his only assignment of error; and he asserts in support of this assignment that the trial judge stressed the State's contentions to such extent as to constitute an expression of opinion as to defendant's guilt in violation of G.S. 1-180. Neither the exception, nor the assignment of error, nor the assertion in the brief, calls attention to any particular statements or omissions in the court's summation of the respective contentions. All are broadside and are insufficient to draw into focus any assigned error of law. S. v. Moore, 120 N.C. 570, 26 S.E. 697; Rawls v. Lupton, 193 N.C. 428, 137 S.E. 175; Poniros v. Teer Co., 236 N.C. 145, 72 S.E. 2d 9.

However, we have considered the charge. No error of law appears. Too, the trial judge stated the contentions of the State and of defendant accurately and fairly. The only possible basis for appellant's contention is the circumstance that more words are devoted to the summation of the State's contentions than to the summation of defendant's contentions. This circumstance, standing alone, does not support appellant's contention. S. v. Jessup, 219 N.C. 620, 14 S.E. 2d 668; Edgewood Knoll Apartments v. Braswell, 239 N.C. 560, 80 S.E. 2d 653. This circumstance necessarily resulted from the fact that, in the absence of positive evidence in behalf of defendant, a summation of defendant's contentions rested on a very limited evidential base.

Defendant's assignment of error is without merit.

No error.