## STATE v. ERNEST OVERMAN.

(Filed 15 June 1962.)

**1. Criminal Law § 32—**

Defendant's plea of not guilty places the burden upon the State to satisfy the jury beyond a reasonable doubt of every element of the offense charged in the bill of indictment.

**2. Automobiles § 76—**

In order to sustain a conviction under G.S. 20-166(a), the State must prove that defendant was operating a motor vehicle at the time alleged in the indictment, that the vehicle was involved in a collision resulting in injury to the person named in the indictment, and that defendant failed to stop his vehicle immediately at the scene.

**3. Same—**

In order to sustain a conviction in a prosecution under G.S. 20-166(c) the State must prove that defendant was the operator of a motor vehicle involved in an accident or collision which resulted in injury to the named victim, that defendant failed to give his name, address, operator's license number, and the registration number of his vehicle to such victim, that it was apparent that medical treatment was necessary to the victim but that defendant failed to render the victim reasonable assistance.

**4. Criminal Law § 108—**

In charging the jury, the court may not assume as true the existence or non-existence of any material fact in issue.

**5. Automobiles § 76—**

Where, in a prosecution for violation· of G.S. 20-166(a) and G.S. 20-166(c), defendant contends that he was not the driver of the vehicle which struck the pedestrian and also that there was no collision between the pedestrian and any vehicle, it is prejudicial error for the court to assume that the vehicle in question· collided with the pedestrian and that thereafter the party injured needed medical attention.

**6. Criminal Law § 107—**

It is error for the court, after charging that if the jury were satisfied beyond a reasonable doubt that a stated hypothesis were the facts the jury should return a verdict of guilty, to fail to charge that if the jury were not so satisfied they should acquit the defendant.

**7. Criminal Law § 102; Indictment and Warrant § 11—**

Where the indictment in a prosecution under G.S. 20-166(a) and G.S. 20-166(c) charges the name of the injured person as "Frank E. Nutley" while the proof is that the injured person is "Frank E. Hatley," there is a material variance warranting nonsuit.

**8. Criminal Law § 139—**

Where defendant does not assign as error the failure of the trial court to allow his motion for judgment as of nonsuit, the Supreme Court cannot consider any of the questions raised by the motion. Rules of Practice in the Supreme Court Nos. 21 and 28.

BOBBITT, J., concurs in result.

APPEAL by defendant from *Williams, J.,* December 1961 Criminal Term of ALAMANCE.

The defendant was tried upon a bill of indictment which, in two counts, charged a violation of G.S. 20-166, subsections (a) and (c), commonly referred to as the hit-and-run statute. The name of the victim was alleged to be Frank E. Nutley. The defendant plead not guilty.

The State's evidence tended to show the following facts:

Delaware Avenue in Burlington runs north and south and is one block east of Queen Anne Street which also runs north and south. Stonewall Street runs east and west and intersects both streets. Defendant's house is about the middle of a "long curving block" on the east side of Delaware Avenue about 900 feet south of Stonewall. On Sunday, October 1, 1961, between 5:00 and 5:30 P. M. Frank E. Hatley, a ten-year old boy carrying a bag of Pepsi-Colas, was walking west toward Queen Anne Street on the right side of Stonewall Street between the pavement and the shoulder which was dotted with little holes. About the middle of the block, and in front of the property of N. E. Jones, he was struck on his left side by a 1957 two-tone green Chevrolet which was traveling west. The impact knocked him down, and he lay in the street until an ambulance took him to the hospital. One of the bottles of Pepsi-Cola was broken. The car which struck him did not stop but continued at a speed of from 20 to 25 miles an hour toward Queen Anne Street, turned to the left and disappeared. The boy did not see who was driving the car but he saw only one person in the vehicle, a man wearing a hat. N. E. Jones, who lived on the north side of Stonewall Street, heard a "kind of bumping noise" and immediately went into the street where he saw the boy in a sitting position leaning back on one hand on the north side of the street. The boy pointed to the green Chevrolet going west and hollered "that car hit me". Jones ran after the car, calling to the driver to stop, but he was unable to get the license number or to see the driver. The car was dark green at the bottom and light green at the top. On the right side of the vehicle, which was the one next to Jones, he observed a dent or crease in the back door from the window to the bottom. It was toward the front where the door hinged and, in his opinion, was from two to three inches deep and five to six inches wide.

Frank Hatley had no broken bones after the accident. The palm of one of his hands was scratched, and his left side and left arm above the elbow were bruised. He stayed at the hospital fifteen minutes and was released.

On Monday morning when the police officers investigating the case attempted to talk to defendant he was too drunk for them to put any credence in what he said. On Tuesday, he told the officers that he had

been drunk on Sunday; that sometime during the day — he did not know when — he had driven to Graham for more liquor, but he had not been on Stonewall Street; and that when he left home he had gone south on Delaware Avenue. The officers told him that neighbors had seen him leave his home between 5:00 and 6:00 P. M. on Sunday and turn north on Delaware in the direction of Stonewall Street. He then admitted that he had been on Stonewall Street, but said that he had turned right, or east, on Stonewall which was the most direct route to the Graham Depot. The two neighbors who had seen defendant driving toward Stonewall Street could not see the intersection and did not know where he went. He insisted that he had not driven on Stonewall Street in the block between Delaware and Queen Anne Streets. The defendant admitted ownership of the 1957 two-tone green Chevrolet — dark green at the bottom, light green at the top — which was parked in his yard on Monday morning, October 1st. The only evidence of recent damage to the car was a place about the size of a dime where the paint had been chipped off on the right front door about eighteen inches from the ground level. The right rear door had been mashed in but this was "rusted over" and was obviously old damage. On Tuesday, N. E. Jones went with officers to the defendant's home and identified his 1957 green Chevrolet as the car he had seen on Stonewall Street driving west on Sunday afternoon when he found the Hatley boy in the street.

At the trial the defendant did not testify, but he offered evidence which tended to show that a garage man examined his car after October 1st, during the first week in October, and could find no place where paint had been knocked off; that all the damage to the outside of his car had occurred more than a year prior to October 1, 1961; and that the V-shaped dent or crease on the right side of his car was five to six inches back from the edge of the back door and was approximately twelve inches wide and about four inches deep in the center — "a noticeably scooped out place".

The verdict was guilty; the sentence, not less than eighteen months nor more than three years. The defendant appealed assigning errors in the charge.

*Attorney General Bruton, Assistant Attorney General McGalliard for the State.*

*Clarence Ross, B. F. Wood and W. R. Dalton for the defendant appellant.*

SHARP, J. The defendant's plea of not guilty placed the burden upon the State to satisfy the jury beyond a reasonable doubt of every

element of the offenses charged in the bill of indictment. Therefore, in order to convict the defendant on the first count which charged a violation of G.S. 20-166(a), it was necessary for the State to prove that on the occasion in question, the defendant was the operator of the 1957 two-tone green Chevrolet automobile which the State contended drove westerly down Stonewall Street between Delaware Avenue and Queen Anne Street; that this vehicle was involved in an accident or collision with Frank E. Nutley; and that knowing he had struck Nutley, the defendant failed to stop his vehicle immediately at the scene. *State v. Ray,* 229 N.C. 40, 47 S.E. 2d 494.

To secure a conviction on the second count, which charged a violation of G.S. 20-166(c), the State was required to prove that the defendant was the operator of a vehicle which had been involved in an accident or collision which resulted in injury to Frank E. Nutley; that defendant failed to give his name, address, operator's license number, and the registration number of his vehicle to Frank E. Nutley; that it was apparent that medical treatment was necessary to Frank E. Nutley but that defendant failed to render him reasonable assistance, including carrying him to a physician or surgeon for medical treatment. *State v. Brown,* 226 N.C. 681, 40 S.E. 2d 34.

The State could not assume any one of the foregoing facts. "The rule is that the trial court in charging a jury may not give an instruction which assumes as true the existence or non-existence of any material fact in issue". *State v. Cuthrell,* 235 N.C. 173, 69 S.E. 2d 233.

The defendant not only contended that he was not the driver of the green Chevrolet which Frank E. Hatley testified collided with him, but he also contended that there was no collision between the boy and any automobile. He contended that the slight injuries the boy sustained necessitated no medical treatment and were so inconsequential that they could not have been inflicted by an automobile. He contended that the boy must have stumbled in one of the holes in the street and fallen with his bag of Pepsi-Colas when the automobile approached thereby causing the scratches and minor bruises he sustained.

However, the judge charged the jury as follows — those portions between the lines (O) and (P) being the subject of assignment of error No. 8.

"Now, I instruct you, this case presents nothing but a simple question of fact. It has been extensively argued to you, there has been a lot of evidence in the case that may or may not aid you in arriving at a verdict, (O) but if you find from this evidence and beyond a reasonable doubt that on this day the defendant

was operating the automobile involved in the collision, striking this little boy on the highway, and that he knew he had hit him and failed to stop, it would be your duty to return a verdict of guilty on the first count in the Bill of Indictment. If you also find in addition to that beyond a reasonable doubt that he failed to give his name and address, render any aid or assistance or that he failed to see that the boy needed medical attention to take him to the doctor or determine if he needed hospitalization, it would be your duty to return a verdict of Guilty on the second count. (P) If you have a reasonable doubt about it, you will return a verdict of Not Guilty."

From the foregoing, it appears that His Honor assumed that if defendant were the driver of the green Chevrolet automobile which went west on Stonewall Street at the time in question then (1) it collided with the boy and (2) that thereafter the boy needed medical attention. This was error.

Furthermore, when the trial judge undertook to apply the law to the evidence with reference to the first count, he told the jury that if they were satisfied beyond a reasonable doubt that the stated hypotheses were the facts it would be their duty to return a verdict of guilty as charged. However, he failed to give the converse or alternative view and to tell the jury that if they were not satisfied beyond a reasonable doubt that those were the facts, they would acquit the defendant. This likewise was error. *State v. Altson*, 228 N.C. 555, 46 S.E. 2d 567. In his mandate with reference to the second count, he did give the alternative instruction.

It is noted that there is a fatal variance between the indictment and the proof on this record. The indictment charged in both counts that Frank E. Nutley was the person injured. The proof is that the person was Frank E. Hatley.

The defendant in a criminal action may raise the question of variance between the indictment and the proof by a motion of nonsuit. *State v. Grace*, 196 N.C. 280, 145 S.E. 399. The defendant in this case made a motion of nonsuit at the close of the State's evidence and again at the close of all the evidence. The motions were overruled. The motion for judgment of nonsuit should have been allowed with leave to the Solicitor to secure another bill of indictment if so advised. *State v. Hicks*, 233 N.C. 31, 62 S.E. 2d 497.

However, the defendant did not assign the failure to allow his motion of nonsuit as error and, on this appeal, we cannot consider any of the questions which were raised by the motion for nonsuit. Rules

21 and 28, Rules of Practice in the Supreme Court of North Carolina. *State v. Stantliff*, 240 N.C. 332, 82 S.E. 2d 84.

Since the case goes back for a new trial upon assignment of Error No. 8, we do not deem it necessary to consider the other assignments as those questions may not arise again.

New trial.

BOBBITT, J., concurs in result.