No. 74–335. PRYBA *v.* UNITED STATES. C. A. D. C. Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the United States District Court for the District of Columbia of transporting obscene films in interstate commerce in violation of 18 U. S. C. § 1462 and of possessing such films with intent to distribute in violation of D. C. Code Ann. § 22–2001 (1973). The Court of Appeals for the District of Columbia Circuit affirmed. 163 U. S. App. D. C. 389, 502 F. 2d 391 (1974). Title 18 U. S. C. § 1462 provides in pertinent part:

> "Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other

common carrier, for carriage in interstate or foreign commerce—

"(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character; or

.    .    .    .    .

"Whoever knowingly takes from such express company or other common carrier any matter or thing the carriage of which is herein made unlawful—

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

District of Columbia Code Ann. § 22–2001 (1973) provides in pertinent part:

"(a)(1) It shall be unlawful in the District of Columbia for a person knowingly—

"(A) to sell, deliver, distribute, or provide, or offer or agree to sell, deliver, distribute, or provide any obscene, indecent, or filthy writing, picture, sound recording, or other article or representation;

.    .    .    .    .

"(E) to create, buy, procure, or possess any matter described in the preceding subparagraphs of this paragraph with intent to disseminate such matter in violation of this subsection.

.    .    .    .    .

"(e) A person convicted of violating subsection (a) or (b) of this section shall for the first offense be fined not more than $3,000 or imprisoned not more than one year, or both. A person convicted of a second or subsequent offense under subsection (a) or (b) of this section shall be fined not less than

$1,000 nor more than $5,000 or imprisoned not less than six months or more than three years, or both."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting).

It is clear that, tested by that constitutional standard, 18 U. S. C. § 1462 and D. C. Code Ann. § 22–2001 (1973) are constitutionally overbroad and therefore facially invalid. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the District of Columbia Court of Appeals was rendered after *Miller,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

remand for a determination whether petitioner should be afforded a new trial under local community standards.

MR. JUSTICE DOUGLAS, dissenting.

It is occasionally suggested that the First Amendment, applied to the States through the Fourteenth, *Stromberg v. California,* 283 U. S. 359 (1931), has a more restricted meaning than when applied to the Federal Government. See *Roth* v. *United States,* 354 U. S. 476, 500–503 (1957) (Harlan, J., concurring in judgment in *Alberts* v. *California,* 354 U. S. 476 (1957)). That view has never prevailed and is not at issue in this case as the prohibition of the First Amendment against abridgment of speech and press precisely fits this federal prosecution and, in my view, should bar it. That is the view I expressed in *Roth, supra,* at 508–514 (dissenting), a position from which I have not retreated.