STATE OF NORTH CAROLINA v. WILLIAM PRESTON LESLEY

No. 7519SC878

(Filed 7 April 1976)

1. **Automobiles § 127— driving under the influence — sufficiency of evidence**

    In a prosecution for driving under the influence, evidence was sufficient to be submitted to the jury where it tended to show that an officer observed a driveway leading from a public highway to an abandoned building at a time when no vehicles were there, a few minutes later the officer observed that defendant's car was in the driveway, he saw the vehicle move forward three to five feet toward the building and stop, defendant was at the wheel and appeared to be under the influence of intoxicants, and a breathalyzer test registered .23.

2. **Automobiles § 122— public vehicular area — driveway to abandoned Pepsi plant — improper jury instruction**

    In a prosecution for driving under the influence, evidence was insufficient to support the trial court's instruction to the jury that a driveway from a public road to an abandoned Pepsi-Cola bottling plant was a "public vehicular area" within the meaning of G.S. 20-4.01.

APPEAL by defendant from *Albright, Judge.* Judgment entered 24 July 1975 in Superior Court, ROWAN County. Heard in the Court of Appeals 17 February 1976.

The defendant, William Preston Lesley, was charged in a warrant, proper in form, with operating "a motor vehicle on a public street or public highway and public vehicular area while under the influence of intoxicating liquor" in violation of G.S. 20-138. The defendant pleaded not guilty and was found guilty by the jury of violating G.S. 20-138(b). From a judgment imposing a ninety-day jail sentence which was suspended for three years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Henry H. Burgwyn for the State.*

*Davis, Ford and Weinhold by Robert M. Davis for defendant appellant.*

HEDRICK, Judge.

[1] The defendant assigns as error the denial of his timely motion for judgment as of nonsuit. The State offered evidence tending to show the following:

M. R. Lane, "a uniformed officer" with the Salisbury Police Department, was on duty on 29 April 1975. He was patrolling "29 South," a public highway, at approximately 12:50 a.m., when he passed the old Pepsi-Cola Bottling Plant. He described the building as being unoccupied and there were "for rent" and "for sale" signs posted in the windows. The premises were not maintained and weeds were beginning to grow up in the yard. There was a concrete drive approximately thirty to thirty-five feet long which led from the highway to the building with a "rail" along the side. The drive ended at a door which opened into the building. There were no signs or obstructions barring access to the drive from Highway 29. Officer Lane testified:

> "There was not any automobile there at the time. It was approximately five minutes before I came back and saw this automobile—this station wagon. That is the Pepsi-Cola Plant up here at five points."

The car was in the driveway leading from the road to the building. He noticed it move forward three to five feet toward the building and stop. Officer Lane appproached the automobile and found the defendant slumped down in the driver's seat. The engine was running and the headlights and backup lights were on. He asked the defendant to get out of the car which he did. There was an odor of alcohol about the defendant. He could not remove his driver's license from his wallet and had difficulty maintaining his balance. When it appeared to Lane that the defendant was intoxicated he arrested him and carried him to the police station where a breathalyzer test was performed. The defendant registered "point twenty-three one hundredths of one percent blood alcohol."

In our opinion, when the foregoing evidence is considered in the light most favorable to the State it will permit the jury

State v. Lesley

to find that the defendant while under the influence of an intoxicating beverage, or having an amount of alcohol in his blood exceeding .10% by weight, drove an automobile from Highway 29, a public highway, onto the premises of the abandoned Pepsi-Cola Bottling Plant where Officer Lane found him. Such findings would permit the jury to find the defendant guilty of violating G.S. 20-138(a) or G.S. 20-138(b). This assignment of error is overruled.

[2] The defendant contends the court erred in instructing the jury "that the driveway at the Pepsi-Cola company is a public vehicular area within the State." G.S. 20-4.01 defines public vehicular area as follows:

> "*Public Vehicular Area.* — Any drive, driveway, road, roadway, street, or alley upon the grounds and premises of any public or private hospital, college, university, school, orphanage, church, or any of the institutions maintained and supported by the State of North Carolina, or any of its subdivisions or upon the grounds and premises of any service station, drive-in theater, supermarket, store, restaurant or office building, or any other business, residential, or municipal establishment providing parking space for customers, patrons, or the public."

The evidence in the record before us is not sufficient to support the trial court's conclusion that the driveway leading from Highway 29 to the Pepsi-Cola Bottling Plant is a "public vehicular area" within the meaning of G.S. 20-4.01.

It is not necessary that we discuss defendant's additional assignments of error since they are not likely to occur at a new trial.

For error in the charge, the defendant is entitled to a new trial.

New trial.

Judges BRITT and MARTIN concur.