STATE OF NORTH CAROLINA v. CARLTON KENT BOWEN

No. 8321SC249

(Filed 3 April 1984)

**Automobiles and Other Vehicles § 122— driving under the influence—public vehicular area—jury question**

In a prosecution for driving under the influence, the trial court erred in ruling as a matter of law that the driveway of a condominium complex was a "public vehicular area" within the meaning of G.S. 20-4.01(32) where there was evidence tending to show that there was a "condominiums for sale" sign at the entrance to the complex apparently inviting in the public, there was no obstruction to public access, and officers were unaware they were in a condominium complex at the time of defendant's arrest, and where there was also evidence tending to show that there was a "no trespassing" sign at the en-

State v. Bowen

trance to the complex, members of the public were not authorized to enter except by permission or invitation, all parking spaces belonged to the owners of the condominiums, and the common roads had not been dedicated for public use. However, such evidence presented a jury question as to whether the driveway constituted a public vehicular area.

Chief Judge VAUGHN dissents.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 13 October 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 November 1983.

Defendant was charged with operating a motor vehicle while under the influence of alcohol.

The State's evidence tended to show that police responded to a call that a truck was blocking a driveway. They found defendant, apparently asleep, at the wheel of his truck, which was sitting with the engine running in the only driveway into a condominium complex. The front of the truck pointed out toward the public highway. The investigating officer noticed a stong smell of alcohol and a bottle of tequila with a broken seal on the front seat. He woke defendant and talked to him; then defendant backed the truck back into the parking lot.

The officer followed and issued defendant a citation for carrying the opened bottle. After some discussion, the officer started to leave; defendant fell and began yelling that he had been run over. The officer stopped and investigated and found defendant unharmed. He then arrested defendant for driving under the influence. A breathalyzer test administered approximately one hour later showed a blood alcohol content of .19%.

The State also presented evidence that there was a "Condominiums For Sale" sign at the entrance to the complex, but that the officers were unaware that they were in a condominium complex at the time of the arrest.

Defendant's evidence did not materially contradict the State's regarding the events that transpired. However, defendant did show that he never left the complex and never got out on the highway. Defendant's evidence also showed that there was a "No Trespassing" sign at the entrance, and that members of the public were not authorized to enter except by permission or invitation. All parking spaces belonged to the owners, who also held an

undivided interest in common areas. Furthermore, the common roads had not been dedicated for public use.

Defendant requested intructions to assist the jury in determining whether the driveway was a "public vehicular area." The court refused them, and instead instructed the jury that the driveway was such an area as a matter of law. The jury found defendant guilty of operating a vehicle with a blood alcohol content of .10% or more.

*Attorney General Edmisten, by Associate Attorney General William H. Borden, for the State.*

*Alexander and Hinshaw, by Robert D. Hinshaw, for the defendant appellant.*

JOHNSON, Judge.

Defendant's principal contention is that the court erred in deciding as a matter of law that the condominium driveway was a "public vehicular area," thus taking the issue from the jury. The definition of "public vehicular area" applicable to this case is found in G.S. 20-4.01(32) (Cum. Supp. 1981):

Public Vehicular Area.—Any drive, driveway, road, roadway, street, or alley upon the grounds and premises of any public or private hospital, college, university, school, orphanage, church, or any of the institutions maintained and supported by the State of North Carolina, or any of its subdivisions or upon the grounds and premises of any service station, drive-in theater, supermarket, store, restaurant or office building, or any other business, residential, or municipal establishment providing parking space for customers, patrons, or the public . . .*

The trial court had sharply conflicting evidence before it. The evidence that this was a public vehicular area indicated that there was a "For Sale" sign apparently inviting in the public, and

---

* In the Safe Roads Act of 1983 the General Assembly has since significantly expanded this definition. *See* 1983 N.C. Session Laws, c. 435, s. 8 (listing areas by way of illustration rather than limitation and including nondedicated subdivision roads). The new definition became effective 1 October 1983. 1983 N.C. Session Laws, c. 435, s. 46.

that there appeared to be no obstruction to public access; the officers were unaware that it was a condominium complex. Evidence to the contrary indicated that "No Trespassing" signs were posted, that there was no parking set aside for the public, and that the driveway had not been dedicated for public use. We conclude that the evidence did not suffice to support the trial court's conclusion *as a matter of law* that the driveway was a "public vehicular area" within the meaning of the statute. In so holding we follow precisely our decision in *State v. Lesley*, 29 N.C. App. 169, 223 S.E. 2d 532 (1976).

Thus, the court erroneously removed from the jury's consideration one of the essential elements of the *offense, see State v. Carter*, 15 N.C. App. 391, 190 S.E. 2d 241 (1972), and the only truly disputed issue. Such peremptory instructions are permissible only in rare instances in this State, where uncontradicted evidence establishes the element(s) beyond a reasonable doubt. *See State v. Allred*, 21 N.C. App. 229, 204 S.E. 2d 214, *cert. denied and appeal dismissed*, 285 N.C. 591, 205 S.E. 2d 724 (1974), *cert. denied*, 419 U.S. 1127, 42 L.Ed. 2d 828, 95 S.Ct. 814 (1975). Such was certainly not the case here; therefore, prejudicial error occurred.

Our resolution of the remaining assignment of error determines our disposition of the case. Defendant contends that the evidence was insufficient to convict, and that we should as a matter of law declare the driveway outside the statutory definition and thus dismiss the charge. In reviewing the sufficiency of the evidence, we must take all the evidence in the light most favorable to the State, and give the State the benefit of every reasonable inference therefrom; we may not consider defendant's evidence unless it is favorable to the State or does not conflict with the State's evidence. *State v. Dancy*, 43 N.C. App. 208, 258 S.E. 2d 494, *disc. review denied*, 298 N.C. 807, 262 S.E. 2d 2 (1979). Here, there was evidence that the driveway was open to the public highway and appeared to serve a normal apartment complex. In addition, the jury could infer from the "For Sale" sign that the public was permitted on the premises to view the condominiums, and the parking spaces available were provided at least in part for such customers by the owners. Taking this evidence in the light most favorable to the State, we conclude that it was sufficient to take the case to the jury under proper instructions.

Defendant argues that the statute must nonetheless be strictly construed in his favor and the charge be dismissed. In considering a criminal statute, however, we must also construe it with regard to the evil which it is intended to suppress. *State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765 (1970). We believe a reasonable construction of the statute in question, in light of the legislative intent to protect life and property from drivers under the influence, may include the situation before us. Therefore, defendant is not entitled to dismissal of the charge.

We conclude that although there was prejudicial error at the first trial, sufficient evidence came before the jury to support its verdict. Therefore, a new trial before a new jury is proper.

New trial.

Judge WELLS concurs.

Chief Judge VAUGHN dissents.

