**STATE v. SNYDER**

[118 N.C. App. 540 (1995)]

STATE OF NORTH CAROLINA v. LANCE ALBERT SNYDER

No. 9418SC482

(Filed 18 April 1995)

**1. Indictment, Information, and Criminal Pleadings § 38 (NCI4th)— impaired driving—amendment to allege public vehicular area**

The trial court erred by permitting the State to amend an indictment for driving while impaired which alleged that defendant drove on a "street or highway" to allege that defendant drove on a "highway or public vehicular area" because the amendment altered an essential element of the offense and thus substantially altered the charge against defendant.

**Am Jur 2d, Indictments and Informations § 183.**

**2. Automobiles and Other Vehicles § 849 (NCI4th)— impaired driving—nightclub parking lot—not public vehicular area as matter of law**

The trial court erred by instructing the jury in a driving while impaired case that a nightclub's parking lot was a public vehicular area as a matter of law where the evidence on this issue was contradictory in that evidence that the parking lot connects with an adjacent motel parking lot and that all persons are welcome to drop in and check out the club tended to show that the lot was open to the public, but evidence that the lot is the exclusive property of the club, that club policy prohibits use of the lot by persons other than members and their guests, and that such persons may park in the lot only while in the club and not overnight tended to show that the lot is private.

**Am Jur 2d, Automobiles and Highway Traffic §§ 1105 et seq.**

Appeal by defendant from judgment and commitment entered 19 November 1993 by Judge Orlando F. Hudson in Guilford County Superior Court. Heard in the Court of Appeals 25 January 1995.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender J. Michael Smith, for defendant-appellant.*

STATE v. SNYDER

[118 N.C. App. 540 (1995)]

LEWIS, Judge.

Defendant was convicted 19 November 1993 of driving while impaired (DWI), habitual impaired driving, and being an habitual felon.

The evidence presented at trial shows that on 11 May 1993 Officer Long of the Greensboro Police Department responded to a call that there was a disturbance caused by a man with a knife at Lost Dimensions Nightclub (hereinafter "club"). When he arrived at the club, the officer was told by the manager that the man causing the disturbance was driving a beige stationwagon in the club parking lot. The officer stopped the vehicle being driven by defendant in the parking lot. After defendant failed several sobriety tests, Officer Long arrested and charged him with driving while impaired.

The club parking lot connects with an adjacent motel parking lot. Members of the public are welcome to drop in and check out the club and to enter the lobby. The lot is the exclusive property of the club whose policy prohibits use of the lot by persons other than members or their guests who are only allowed to park in the lot while in the club and may not park there overnight.

Defendant was indicted by a grand jury on 7 June 1993 for DWI, habitual impaired driving, and being an habitual felon. A single indictment was issued for the DWI and habitual impaired driving charges (hereinafter "felony DWI indictment"). Count I of this indictment charged that defendant "unlawfully, willfully did operate a motor vehicle on a street or highway while subject to an impairing substance" on 12 May 1993. Count II of this indictment, incorporating Count I by reference, charged defendant with the habitual impaired driving felony. The habitual felon charge was issued in a separate indictment that was based on the habitual impaired driving charge.

At the close of the State's evidence, defendant, who offered no evidence, moved to dismiss all charges on the grounds that the State had not offered sufficient evidence that defendant drove on a street or highway as charged in the felony DWI indictment. The State then moved to amend this indictment to read "on a highway or public vehicular area." The court granted the State's motion to amend the felony DWI indictment over defendant's objection, and denied defendant's motion to dismiss. Judgment was entered against defendant on all charges, and he was sentenced to forty years in prison.

STATE v. SNYDER

[118 N.C. App. 540 (1995)]

On appeal, defendant contends that the court erred by (1) granting the State's motion to amend the felony DWI indictment to include the allegation that defendant drove on a public vehicular area, (2) denying defendant's motion to dismiss, and (3) instructing the jury that the parking lot of the club is a public vehicular area as a matter of law.

[1] As to numbers (1) and (2): defendant contends that the amendment of the indictment to add "public vehicular. area" substantially altered the charge depriving him of the right to be tried for a felony upon a valid bill of indictment returned by a grand jury. We agree and hold that the judgment and commitment of defendant for driving while impaired, for habitual impaired driving, and with being an habitual felon is arrested.

A valid bill of indictment is essential to jurisdiction of the superior court to try an accused for a felony. *State v. Abraham*, 338 N.C. 315, 339, 451 S.E.2d 131, 143-44 (1994). This right to an indictment is guaranteed by our North Carolina Constitution. N.C. Const. art. I, § 22. An indictment that charges a statutory offense must allege all essential elements of the offense. *State v. Crabtree*, 286 N.C. 541, 544, 212 S.E.2d 103, 105 (1975). Amendments of indictments are prohibited by N.C.G.S. § 15A-923(e) (1973). Our courts have held that an amendment is any change which substantially alters the charge set forth in the indictment. *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984).

In upholding a minor change to an indictment as not being a prohibited amendment, our Supreme Court stressed that minor changes are those that do not alter an essential element of a charge. *See id.* at 599-600, 313 S.E.2d at 559. Situs, "any highway, any street, or any public vehicular area," is an essential element of the offense of driving while impaired. *See* N.C.G.S. § 20-138.1 (1993); *see also State v. Bowen*, 67 N.C. App. 512, 515, 313 S.E.2d 196, 197 (treating "public vehicular area" as an essential element of DWI), *appeal dismissed*, 312 N.C. 79, 320 S.E.2d 405 (1984). Since changing the felony DWI indictment from "street or highway" to "on a highway or public vehicular area" altered an essential element of the offense, we hold that it substantially altered the charge and thus improperly amended the indictment.

Our Supreme Court has held that "where the indictment and the proof are at variance, . . . the trial court should dismiss the charge stemming from the flawed indictment and grant the State leave to

**STATE v. SNYDER**

[118 N.C. App. 540 (1995)]

secure a proper bill of indictment." *Abraham*, 338 N.C. at 341, 451 S.E.2d at 144 (citing *State v. Bell*, 270 N.C. 25, 153 S.E.2d 741 (1967) and *State v. Overman*, 257 N.C. 464, 125 S.E.2d 920 (1962)). After holding that an indictment had been improperly amended by the trial court, the Court in *Abraham* arrested judgment and remanded for proceedings consistent with *Bell* and *Overman*. *Abraham*, 338 N.C. at 341, 451 S.E.2d at 144.

Here, the trial court erred in amending the felony DWI indictment and in failing to dismiss the charges stemming from the flawed indictment. In accord with *Abraham*, we arrest judgment and commitment as to defendant's conviction for DWI and habitual impaired driving. We also arrest judgment and commitment on the habitual felon conviction since that conviction was dependent on defendant's conviction of the underlying felony of habitual impaired driving. We remand to the trial court to dismiss these charges and to consider granting the State leave to secure a proper indictment should it be sought.

**[2]** As to issue number (3): since we have arrested judgment, we are not required to address defendant's contention that the court erred by instructing the jury that the parking lot of the club is a public vehicular area as a matter of law. However, since this issue is likely to reappear if the case is retried, we hold it was reversible error to instruct, in this case, that the club's parking lot was a public vehicular area as a matter of law as this removed an essential element of the offense charged from the jury's consideration.

A trial court must instruct jurors on every element of the charged offense. *State v. Hairr*, 244 N.C. 506, 509, 94 S.E.2d 472, 474 (1956). One of the essential elements of driving while impaired is that the driving must occur upon a highway, street, or public vehicular area. *See* N.C.G.S. § 20-138.1; *see also Bowen*, 67 N.C. App. at 515, 313 S.E.2d at 197. A peremptory instruction, establishing an element as a matter of law, is rarely proper in a criminal prosecution and only when the element is established beyond a reasonable doubt by uncontradicted evidence. *Bowen*, 67 N.C. App. at 515, 313 S.E.2d at 197.

N.C.G.S. § 20-4.01(32) (1993) defines public vehicular area, in relevant portions, as follows:

> Any area within the State . . . that is generally open to and used by the public for vehicular traffic, including by way of illustration and not limitation any drive, driveway, road, roadway, street, alley, or parking lot upon the grounds and premises of: . . . b. any

service station, drive-in theater, supermarket, store, restaurant, or office building, or any other business, residential, or municipal establishment providing parking space for customers, patrons, or the public; . . . c. . . . The term "public vehicular area" shall not be construed to mean any private property not generally open to and used by the public.

In *Bowen*, this Court held that a condominium complex parking lot was not a public vehicular area as a matter of law because of sharply conflicting evidence on the issue. *Bowen*, 67 N.C. App. at 514-15, 313 S.E.2d at 197.

As in *Bowen*, the evidence in this case is contradictory. The fact that the club parking lot connects with an adjacent motel parking lot tends to indicate it is open to the public as does the club manager's testimony that all persons are welcome to drop in and check out the club. However, other evidence tends to show that the lot is private. For instance, the lot is the exclusive property of the club whose policy prohibits use of the lot by persons other than members or their guests. Members are only allowed to park in the lot while in the club and cannot park there overnight. This contradictory evidence does not establish beyond a reasonable doubt that this parking lot is a public vehicular area. This is for the jury to decide.

For the reasons stated, judgment and commitment is arrested, and the case is remanded.

Judges WYNN and McGEE concur.