## Staunton

Albert Heller, Et Al. v. Caroline Knight deWitt Woodley.

September 8, 1961.

Record No. 5264.

Present, Eggleston, C. J., and Buchanan, Whittle, I'Anson and Carrico, JJ.

The opinion states the case.

*Howard I. Legum* (*Fine, Fine, Legum & Schwan*, on brief), for the appellants.

*William L. Parker*, for the appellee.

I'Anson, J., delivered the opinion of the court.

Caroline Knight deWitt Woodley, the appellee herein, instituted this suit to enjoin the appellants, Albert Heller and Mollie L. Heller, from trespassing on a parcel of land 20 feet by 50 feet situated in

the city of Virginia Beach, Virginia, to which she claimed ownership by record title and adverse possession, and prayed that the appellants be required to remove a fence separating the disputed parcel from her other property and that the true boundary line between the properties of the parties be established. After hearing the evidence *ore tenus* and construing a special commissioner's deed to one of the appellants' predecessors in title, the chancellor decreed that the appellee was the owner of the disputed land, enjoined the appellants from further trespassing on the appellee's property, ordered them to remove the fence, and held that in view of his construction of the deed it was not necessary to pass upon the question of adverse possession. From this decree we granted the appellants an appeal, and the appellee has not assigned cross-error to the decree of the chancellor in not adjudicating the question of adverse possession.

The diagram on page 996 will show the land involved and illustrate the pertinent facts hereinafter discussed.

The title to the land of each party to this suit is traced to Cecile A. deWitt, mother of the appellee, who acquired the properties by two separate deeds from the Virginia Beach Development Company.

The first deed, dated October 26, 1903, conveyed to Cecile A. deWitt lot 15 and five other lots in block 13 as shown on plat No. 2 of the lands of the Virginia Beach Development Company, which was duly recorded in the clerk's office of the Circuit Court of Princess Anne County in 1901, and the metes and bounds description of the lots described as a whole refers to the northern line of Mississippi avenue (later changed to 12th street) as their southern boundary. The plat shows that Mississippi avenue was 80 feet wide and that each of the lots fronted 50 feet on the street with a depth of 155 feet. This deed is the appellants' source of title to the southern 150 feet of lot 15 in block 13.

Under the second deed, dated November 29, 1910, Cecile A. deWitt acquired lot 16 and three other lots in block 13, as shown on the aforementioned recorded plat, with each lot fronting 50 feet on the south side of Florida avenue (later changed to 13th street) and extending back between parallel lines a distance of 155 feet.

The southern line of lot 16 in block 13 is the northern line of lot 15 in block 13, and the appellee acquired title to lot 16, and the northern 5 feet and the adjoining disputed 20 by 50 feet of lot 15, as an heir of Cecile A. deWitt and from her brothers and sisters by deed dated April 10, 1947.

On January 4, 1907, the town council of Virginia Beach adopted

an ordinance reducing the width of 12th street (formerly Mississippi avenue) to 60 feet, and the northern 20-foot strip of what was a part of 12th street was "abandoned to the property owners on either side of that part of the street." By deed dated January 9, 1907, the owners of the property abutting on the south side of 12th street conveyed to Cecile A. deWitt all their right, title and interest in and to the 20-foot strip of land lying on the north side of the narrowed street.

Following the death of Cecile A. deWitt, intestate, on June 18, 1926, a suit was filed in the Circuit Court of Princess Anne County for the sale of infant lands by the guardian of the deWitt infant heirs and, pursuant to an order, a special commissioner conveyed to W. L. Harris, one of the appellants' predecessors in title, the southern 150 feet of lot 15 in block 13, as shown on the heretofore referred to plat of the Virginia Beach Development Company, which property was more particularly described by metes and bounds, the description referring to the southern boundary of the lot as running along 12th street. This deed made no mention of the "abandoned" 20-foot strip along the northern side of 12th street.

Sometime during the year 1926 or 1927, "not later than '27", the guardian of the deWitt children, in order to prevent Harris's tenant from trespassing on the property now in dispute, caused a fence to be erected along a line 150 feet north from the northern line of 12th street as it existed at the time of the special commissioner's deed, which the appellee claims to be the dividing line between her property and that of the appellants. The fence remained until 1953 when it was removed by one of the appellants' predecessors in title. The fence now complained of by the appellee was erected by the appellants sometime after they acquired their property and it is located 170 feet north of the northern line of 12th street as it existed after the street was narrowed.

The chain of title shows that the southern 150 feet of lot 15 in block 13 was transferred several times under the same description set out in the special commissioner's deed, and the first specific reference made to the "abandoned" 20-foot strip appears in the deed of conveyance dated August 28, 1947, from Pauline M. David to John C. Martin, in the following language:

"Together with all of their right, title, and interest in and to a strip of land twenty (20) feet wide on the North side of Twelfth Street adjoining the property above described which was abandoned by ordinance of the Town of Virginia Beach, dated January 4th, 1907."

The above quoted provision also appears in the deed dated November 20, 1955, from Edwin R. MacKethan and E. H. Neyhard, trustees of the National Bank of Commerce, conveying to the appellants the southern 150 feet of lot 15 in block 13, with its metes and bounds description showing the southern boundary of the lot as running along the north side of 12th street.

The parcel of land in dispute lies between the side lines of lots 15 and 16 in block 13, 150 feet north from the northern line of 12th street as it existed at the time of the conveyance by the special commissioner's deed and 160 feet south from the southern line of 13th street.

The question presented is whether the deed from the special commissioner, dated January 26, 1926, to W. L. Harris, one of the appellants' predecessors in title, conveys the southern 150 feet of lot 15 in block 13 measured from the north side of 12th street as it existed at the time of the conveyance or as it was shown on the recorded plat of the Virginia Beach Development Company.

The rule almost universally recognized is that, in the absence of restricting or controlling words showing a contrary intention, a conveyance of land bounded on a public highway or street which has been dedicated by the owner of the land for public use conveys a fee to the center of the highway or street, subject only to an easement of passage in the public. *Bond* v. *Green*, 189 Va. 23, 32, 52 S. E. 2d 169, 173; *Williams* v. *Miller*, 184 Va. 274, 278, 279, 35 S. E. 2d 127, 129; *Marbury* v. *Jones*, 112 Va. 389, 391, 71 S. E. 1124, 1125; 11 C. J. S., Boundaries, § 35, pp. 580, 582, 583; 8 Am. Jur., Boundaries, § 36, pp. 772-774; Annotation, 49 A. L. R. 2d 982.

When a highway or street is discontinued or abandoned the easement therein for public use is extinguished, and the absolute title and right of exclusive possession thereto is presumed to be in the abutting landowners in the absence of evidence to the contrary. If the highway or street is the boundary line between two tracts, the reversion to each owner is presumed to be to the center of the street. *Talbot* v. *Massachusetts Life Ins. Co.*, 177 Va. 443, 14 S. E. 2d 335; *Bond* v. *Green*, *supra*; *Marbury* v. *Jones*, *supra*.

The appellants argue that upon application of the above principles the special commissioner's deed conveyed to Harris, one of their predecessors in title through whom they claim, title to the southern 150 feet of lot 15 in block 13, as shown on the recorded plat, and the additional 20-foot strip abandoned by the ordinance of the council of the town of Virginia Beach.

A deed of conveyance of property made subsequent to a change in the location of a street which refers to a street as a boundary will be construed to mean the street as located at the time of the conveyance where the street is open and actually used as a public way, unless an intention is manifest that it is to be bounded on the original street. *Hill* v. *Taylor*, 296 Mass. 107, 4 N. E. 2d 1008, 1011; *Miller* v. *Rackley*, 199 Ga. 370, 34 S. E. 2d 438, 441; 11 C. J. S., Boundaries, § 35, p. 587.

When the town council of Virginia Beach, by ordinance in the year 1907, narrowed 12th street from 80 feet to 60 feet and vacated the northern 20 feet of the street to the "owners of the property on each side of the street," and the owners of the property abutting on the south side of the street conveyed to Cecile A. deWitt their interest, if any, in the vacated strip, she became the absolute owner of the land, free of any easement of passage, with the exclusive right to its use and occupation, and it was subject to the payment of taxes thereon. The 20-foot strip was no longer a part of 12th street and it became for all practical purposes a part of and attached to lot 15 in block 13. *Marbury* v. *Jones, supra.* While an amended map of the property was not filed in the clerk's office showing that lot 15 in block 13 had been enlarged by the 20-foot by 50-foot parcel, it had the same legal effect and all who bought thereafter took with notice of the change, as shown by the recorded deed to Cecile A. deWitt from the owners of the land on the south side of 12th street. See *Hagen* v. *Bolcom Mills*, 74 Wash. 462, 133 P. 1000, 1002, rehearing denied 134 P. 1051.

The special commissioner's deed conveyed the southern 150 feet of the lot, and the metes and bounds description shows its southern boundary as running along the northern line of 12th street. This narrowed street was open and used as a public way, and it is manifest that it was intended that the property conveyed was to front on 12th street as it existed at the time of the conveyance. Since no mention was made in the special commissioner's deed of the vacated 20-foot strip, which was owned in fee, free of an easement in the public, by the deWitt heirs, we conclude that the grantor intended to include it as a part of the southern 150 feet of the property conveyed, and it cannot be considered as a separate and additional parcel. The reference in the deed to 12th street, a definite and reliable monument, as the southern boundary line of the property is construed to mean the street as it existed at the time of the conveyance and not as shown on the plat prior to the vacation of a part of it by the

ordinance of the town council of Virginia Beach. It is true that it is generally held that in case of a conflict between a description by lot and block number according to a plat, and a metes and bounds description, the former description will prevail, but under the facts and circumstances of this particular case the metes and bounds description is controlling.

Hence the land conveyed as the southern 150 feet of the lot is measured from the north side of 12th street as it existed at the time of the special commissioner's deed of conveyance and not as shown on the plat prior to vacation of the 20-foot strip. It follows that appellee is the owner of the disputed parcel, and the decree of the court below is

*Affirmed.*