LOUISE SMITH THOMPSON, ADMINISTRATRIX OF THE ESTATE OF ABRAHAM L. CLAPP v. JIMMIE MILLER COBLE AND J. HAROLD COBLE

No. 7218SC425

(Filed 28 June 1972)

Automobiles § 62— death of pedestrian — negligence of motorist — insufficiency of evidence

    Plaintiff's evidence was insufficient to be submitted to the jury on the issue of defendant's negligence in an action to recover for the alleged wrongful death of a pedestrian who was struck by defendant's automobile.

APPEAL by plaintiff from *Exum, Judge,* 17 January 1972 Session of Superior Court held in GUILFORD County.

Plaintiff instituted this action to recover damages for the alleged wrongful death of Abraham L. Clapp by the negligence of Jimmie Miller Coble in the operation of her husband's automobile.

Plaintiff's evidence tends to show that on 28 October 1969, at about 7:00 p.m., Jimmie Miller Coble was driving her husband's automobile in an easterly direction along rural paved road 3111 in Guilford County. The road was straight and unobstructed; it was 18 feet wide with shoulders approximately 6 feet wide. The road surface was coarse asphalt of a "blackish color."

Mrs. Coble was driving about 30 miles per hour in the center of the lane for eastbound traffic. She had her headlights on bright and was watching straight ahead. She did not see anything in the road, but she heard a noise of something on the car and knew that she had hit something. She immediately stopped to see what she had hit. Mrs. Coble's husband was following along behind her in his pickup truck and, when he came to where she had stopped, he stopped also. They were unable to find anything in the road or on the shoulder. Mr. Coble went to a nearby house, borrowed a flashlight, and returned to search the area more carefully. Deceased was then found in the southern roadside ditch, lying on his stomach with his head to the west and his feet to the east. Deceased was dressed in dark blue denim work clothes. The heel from a shoe was lying on the shoulder of the road about four or five feet from a "little dug out place" in the grass. One heel from deceased's shoes was missing. He died, without talking to anyone, shortly after being removed to the hospital.

At the close of plaintiff's evidence, defendants' motion for a directed verdict for defendants was allowed and plaintiff appealed.

*Wade C. Euliss for plaintiff.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter, for defendants.*

BROCK, Judge.

Plaintiff strenuously argues that the evidence is sufficient to make out a *prima facie* case of defendants' negligence and to require submission of the case to the jury. We have carefully studied the evidence offered and cannot agree. The jury would have to engage in pure speculation of how deceased was injured. The evidence presents a sad and unfortunate situation, but it fails to show actionable negligence on the part of defendants.

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.