## TIDEWATER AREA CHARITIES, INC.

## V.

## HARBOUR GATE OWNERS ASSOCIATION, INC., ET AL.

Record No. 891406

September 21, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Cochran, Retired Justice

*Allen J. Gordon (Mark D. Brynteson; J. Wayne Sprinkle*, on briefs), for appellant.

*(Michael A. Inman; McCardell, Inman, Benson, Strickler & Koch)* for appellee Harbour Gate Owners Association, Inc.

*Ann B. Brogan (Thomas E. Cabaniss; Patrick L. Hayden; Mc-Guire, Woods, Battle & Boothe*, on brief), for appellees Lilliam Snow Adams, *et al.*

*(Gary P. Arsenault; Mercer, Grey & Arsenault*, on brief), for appellees Valerie Jove, Henry Burkhardt and Neil Burkhardt.

No briefs or arguments for appellees Louise G. Abraham, *et al.*

JUSTICE RUSSELL delivered the opinion of the Court.

This appeal concerns the devolution of title to the land underlying an abandoned street. The dispositive question is whether the land, upon abandonment of the street by the local government, attaches to and becomes a part of an adjacent landowner's lot. If so, a conveyance of the lot also vests title to this additional area in

the grantee. If not, the former street remains a separate parcel requiring a separate conveyance.

In 1952, the owners of a tract of land in what was then Princess Anne County, now the City of Virginia Beach, recorded a plat subdividing the tract, called Block I, Lynnhaven Shores, into lots. Before the creation of this subdivision, the northern boundary of the tract was the high water line of Chesapeake Bay. The 1952 plat showed a 50-foot wide street, designated as Beach Street, running along the Bay with the Bay's high water mark as its northern boundary. Lot 17 was bounded on the north by Beach Street and on the south by Ocean Avenue.

The subdividers conveyed lot 17 to Gus Stavlas in 1953. Four years later, Stavlas conveyed it to Gus and Rita Kapatos. In December 1962, the Board of Supervisors of Princess Anne County adopted an ordinance discontinuing, closing, and abandoning Beach Street. The clerk of the circuit court marked Beach Street "VACATED" on the recorded subdivision plat of Block I, Lynnhaven Shores.

At the time of the abandonment, former Code § 15-967.18, which survives with amendments not here pertinent as Code § 15.1-483, provided that upon recordation of an ordinance of vacation, fee simple title to the center line of the abandoned street would vest in the owners of abutting lots. The statute further provided: "If any such street . . . is located on the periphery of the plat, such title for the entire width thereof shall vest in such abutting lot owners." Former Code § 15-967.18. The parties to this appeal agree that the effect of the abandonment was to vest in Gus and Rita Kapatos, then owners of lot 17, title to the entire width of the portion of Beach Street abutting lot 17.

From 1952 to the present, the record indicates that there was a gradual widening of the beach in this vicinity due to accretion. A 1973 survey shows the high water line over 180 feet north of the northerly line of the former Beach Street, and the low water line 78 feet still farther north. The parties to this appeal are in further agreement that the additional land created by accretion attaches to and becomes a part of the parcel formed by the abandonment

of Beach Street, and is owned by whomever owns the abandoned street. *See Mahoney* v. *Friedberg*, 117 Va. 520, 531, 85 S.E. 581, 584 (1915). A sketch of the disputed area is appended to this opinion.

The circumstances giving rise to this dispute occurred after the street was abandoned. In 1967, Gus and Rita Kapatos, husband and wife, conveyed lot 17 to Harry M. Brown. The deed made no reference to Beach Street, its abandonment, its accretions, or any riparian rights. The description in the deed concluded: "BEING the same property conveyed to Gus Kapatos and Rita Kapatos, husband and wife by deed of Gus Stavlas, unmarried . . . ."

Harry M. Brown and his wife conveyed lot 17 to Harbour Gate Associates in 1973. Harbour Gate Associates' successors in title have erected a high-rise condominium project on lot 17 and the adjoining parcels, claiming ownership out to the waters of the Bay.

In 1975, eight years after conveying lot 17 to Brown, Gus and Rita Kapatos executed a deed, followed by a deed of correction, which purported to convey to Cobo Corporation, by metes and bounds, that portion of the abandoned Beach Street abutting lot 17, with its accretions, out to the mean low water line of the Bay. Cobo's title has passed, through mesne conveyances, to Tidewater Area Charities, Inc. (Tidewater).

In December 1988, Tidewater instituted this action of eject-ment against Harbour Gate Owners Association, Inc. (Harbour Gate) and all the individual unit owners of the condominium, al-leging that the defendants had entered upon and wrongfully with-held possession of the land in dispute, namely the abandoned por-tion of Beach Street and its accretions abutting lot 17.

The trial court granted summary judgment in favor of the Har-bour Gate defendants by a final order entered in August 1989. The court ruled that the 1967 deed from Kapatos to Brown "in-cluded the fee to the farthest edge of the vacated street formerly known as 'Beach Street' and any accretions thereto" and that the Kapatos' subsequent attempt to convey the same property to the Cobo Corporation was a nullity. We granted Tidewater an appeal.

Tidewater contends that the abandonment of Beach Street created a parcel of land distinct from lot 17. Although title to that parcel became vested in Kapatos upon abandonment, Tidewater argues that the subsequent deed from Kapatos to Brown contains no reference to this separate parcel, and therefore manifests no intent to convey it. Tidewater points to the plain and unambiguous description of lot 17 in the deed and asserts that the courts should not resort to rules of construction to enlarge the deed's scope.

Harbour Gate contends that the abandoned portion of Beach Street abutting lot 17 became attached to and became a part of lot 17 by operation of law at the time of the abandonment in 1962. Therefore, any subsequent conveyance of lot 17 carried with it the abutting portion of the vacated street, including its accretions, unless a contrary intention is clearly expressed in the deed. There being no such contrary expression in the deed to Brown, Harbour Gate argues, title to the disputed area passed with the conveyance of lot 17 from Kapatos to Brown in 1967, leaving no property interests in Kapatos to be conveyed to Tidewater's predecessor in 1975.

We agree with the trial court's analysis. Before 1946, a "dedication by map," created by the recordation of a subdivision plat with certain procedural formalities, vested in the public only a right of passage over the areas shown as streets on the plat. The underlying fee in the streets remained in the subdivider and passed to the abutting lot owners as the subdivider's grantees. *See* *Brown* v. *Tazewell County Auth.*, 226 Va. 125, 130, 306 S.E.2d 889, 891 (1983). Where such a street was abandoned, the public right of passage was extinguished and the fee *remained* in the abutting lot owners, where it had previously been, free of the public right of passage. *Heller* v. *Woodley*, 202 Va. 994, 998, 121 S.E.2d 527, 531 (1961).

That situation was changed by the adoption of the Virginia Land Subdivision Law. Acts 1946, c. 369. Thereafter, dedication of a street by recordation of a properly approved subdivision plat caused fee simple title in the entire area of the street to vest in the city or county. *Brown*, 226 Va. at 130, 306 S.E.2d at

In order to provide for the devolution of title to an abandoned street in these changed circumstances, the General Assembly, in 1946, enacted the statutory predecessor of former Code § 15-967.18, now Code § 15.1-483, quoted above. Thus, upon abandonment, the governing body's fee simple title to the former street is now *transferred* to the abutting lot owners by operation of law. The result, however, is the same under the new law as under the old, *i.e.*, after abandonment, fee simple title to the abandoned street is vested in the abutting lot owners.

■ This identity of results indicates that the General Assembly, in enacting the 1946 Virginia Land Subdivision Law, intended that the consequences of abandonment remain unchanged. We therefore consider our cases decided under the former law as dispositive here.

■ In *Heller*, we considered the effect of a 1907 vacation of a 20-foot portion of a street and held that the vacated strip "became for all practical purposes a part of and attached to lot 15 in block 13." 202 Va. at 999, 121 S.E.2d at 532 (citation omitted). For that reason, we held that a conveyance of the portion of lot 15 to which the 20-foot strip was attached carried the strip with it, although the deed made no specific reference to the strip. *Id.* We held that lot 15 was, in legal effect, "enlarged" by operation of law when the street was abandoned, and that "all who bought thereafter took with notice of the change." *Id.*

■ It has long been the rule in Virginia that a conveyance of land which is bounded by an abandoned road carries with it all the grantor's interest in the former road, unless a contrary intention is expressly set forth in the deed. *Williams* v. *Miller*, 184 Va. 274, 35 S.E.2d 127 (1945). The rationale for that rule is that a narrow strip along the boundary of a grant is ordinarily of no further use to the grantor, unless fortuitous circumstances thereafter make it so, but the retention of such a strip may "seriously retard the improvement and further alienation of the adjoining property." *Cogito* v. *Dart*, 183 Va. 882, 890, 33 S.E.2d 759, 763 (1945) (citation omitted). On the other hand, the mere proximity of the strip gives it "direct and substantial value to the grantee."

*Id.* Thus, while the grantor may reserve such a strip from a conveyance, he must do so expressly. No such reservation will arise by implication.

We conclude that the 1962 abandonment of Beach Street enlarged lot 17 to the extent of the abutting portion of the street and its accretions, and that the 1967 conveyance of lot 17 from Kapatos to Brown included the disputed area, leaving in Kapatos no interests to be conveyed to Tidewater's predecessor. Accordingly, the judgment will be

*Affirmed.*

Chesapeake Bay

Low Water Line

High Water Line

Original High Water Line

Formerly Beach Street (50')

17

Ocean Avenue (30')