## CIRCUIT COURT OF WESTMORELAND COUNTY

Frances Powroznick

v.

Lucy Mozingo

July 9, 1991

By JUDGE JOSEPH E. SPRUILL, JR.

This is a declaratory judgment action between two sisters in which the court is asked to resolve a dispute over the interpretation of their mother's will.

At her death in 1986, Mrs. Helen M. Anthony owned two parcels of land in Westmoreland County. These parcels have been in the Anthony family for approximately a century. Over the years, deeds relating to these parcels have referred to them as being "on opposite sides of the road leading from Hague to Carey's Shop." The parcel on the north side of the road, according to the early deeds, contained ten acres, more or less, and is part of the Linden tract; the other parcel, on the south side of the road, contains 114.43 acres and is known as the Race Track Farm.

Prior to 1936, the road (now State Route 202) was relocated to the south, so that a portion of the Race Track property now lies between the present road and the ten acre Linden parcel. The ten acre parcel is completely landlocked, with no road frontage and no access. Notwithstanding that the road relocation took place in 1936, a deed in 1944 from Henrietta Anthony to Elton Anthony, father of the litigants, referred to the parcels as being "on opposite sides of the public road . . . ."

By her will, Helen Anthony, widow of Elton, devised to her daughter, Frances Powroznick, "a tract of land located on Route 202 . . . containing 10.27 acres . . . ." To her daughter, Lucy Mozingo, she devised "a tract of land located on Route 202 . . . containing 114 acres . . . ."

Lucy now claims the 114 acre parcel devised to her lies on both sides of State Route 202, thereby cutting off her sister, Frances, from any access. Lucy claims that her mother intended that Frances have no road frontage. Frances initiated this action to have the will of her mother construed.

In interpreting this will, the testator's intention controls. "We must take the will by the four corners and look upon its face and there find the intent from the words used." *Harrison on Wills*, Section 257. Ambiguities may be resolved by resort to extrinsic evidence. However, extrinsic evidence may not be used to vary or contradict language actually embodied in the will. *Harrison*, Section 268.

Lucy, since 1983, has lived in a home on the 114 acre parcel. Frances lives in Hopewell, as did Mrs. Anthony. Other than the presumed disparity in the values of these two properties, it is apparent that Mrs. Anthony regarded both of her daughters with affection and treated them equally in her will. Frances was named co-executor. Lucy was not.

Lucy claims in her pleadings and by her testimony that her mother did not intend that Frances have any road frontage, and that Mrs. Anthony knowingly and intentionally wanted Frances landlocked. Lucy's witness, Mrs. Combs, testified that Mrs. Anthony told her she realized Frances was being cut off from any access, that it would be a problem, and that perhaps they could find a way to work it out. I find all of this testimony improbable. Further, it directly contradicts the plain language of the will. This testimony cannot be used for such purpose.

If Lucy's position were adopted, that part of Mrs. Anthony's will which describes Frances' parcel as being "located on Route 202" must be ignored, and the devise to Frances becomes virtually valueless. Lucy would have property on both sides of the road. Frances would have a parcel that is completely inaccessible. It is unlikely

a mother would intend such a result. If someone other than Mr. Anthony had owned the ten acre parcel when the road location was changed, some arrangement would have been made at that time. The state cannot, by relocating a public road, deprive an owner of access to his premises without providing him with other suitable means of access or just compensation for the deprivation. This would not have been allowed in 1936, and it should not be allowed today.

Lucy contends that the devise to Frances describes only 10.27 acres and to extend her property to the road would necessarily increase this acreage. In this respect, the terms of the will are in conflict. In trying to reconcile this conflict, it is necessary to look to the relative situation of the parties, the ties of affection, and the motive which would naturally influence the mind of the testator. In this inquiry, the testimony of Garnett Anthony is pertinent. Mr. Anthony, age 68, is the uncle of the litigants. He testified that after the road was relocated, the old road was plowed up and the area between the old road and the new road was incorporated, for farming purposes at least, into one unit or field with the ten acre parcel. Access to the residence which was then on the ten acre parcel was extended to the new road. Thus, it appears that after the relocation, Mr. Anthony continued to use the Linden property on the north side of Route 202 as one parcel. "A deed of conveyance of property made subsequent to a change in the location of a [road] which refers to a [road] as a boundary will be construed to mean the [road] as located at the time of conveyance where the [road] is open and actually used as a public way, unless an intention is manifest that it is to be bounded on the original [road]." *Heller v. Woodley*, 202 Va. 994, 121 S.E.2d 527 (1961).

Where there is a conflict between the acreage and the boundary lines called for in a deed, it is well settled that the acreage is the less reliable indicator. *Brunswick Land Corporation v. Perkinson*, 146 Va. 695, 132 S.E. 853 (1926).

These properties historically have been divided by the road. In my view, the evidence supports the conclusion that Mrs. Anthony, in preparing her will, continued to regard these properties as being separated by Route

202. This interpretation is consistent with common sense, fundamental fairness, and the plain language of her will.

Accordingly, I find that under the will, Mrs. Powroznick is devised the 10.27 acres and in addition the property lying between the old road and the present Route 202.