EDWARD L. POWELL, Administrator of the Estate of Nerys Flores, Deceased v. JOHN DOE, a hit and run driver, and an UNNAMED DEFENDANT, the Uninsured Motorist Carrier

No. COA95-437

(Filed 6 August 1996)

**1. Automobiles and other Vehicles § 861 (NCI4th)— hit-and-run accident—failure to show negligence**

Plaintiff's cause of action for common law negligence and the violation of statutorily imposed duties of care failed where no evidence was forecast establishing any negligence whatsoever arising from the hit-and-run driver's role in the accident.

**Am Jur 2d, Automobile and Highway Traffic §§ 289-295.**

**2. Automobiles and Other Vehicles § 856 (NCI4th)— hit-and-run statute—per se negligence statute—no evidence of violation**

Though the hit-and-run statute, N.C.G.S. § 20-166, is indeed a *per se* negligence statute, plaintiff did not sufficiently forecast evidence of a § 20-166 violation where plaintiff did not show that decedent would have been aided in any way by the driver's stopping at the scene and rendering the aid mandated by the statute.

**Am Jur 2d, Automobile and Highway Traffic §§ 289-295.**

Appeal by plaintiff from summary judgment entered 24 February 1995 by Judge F. Donald Bridges in Forsyth County Superior Court. Heard in the Court of Appeals 29 January 1996.

*Randolph and Fischer, by Rebekah L. Randolph, for plaintiff appellant.*

*Hutchins, Doughton & Moore, by Laurie L. Hutchins, for defendant appellee.*

SMITH, Judge.

Plaintiff brought this action to recover damages for the fatal injury suffered by Nerys Alexander Flores (Flores or decedent) due to the alleged common law and *per se* negligence of an unknown hit and run driver. We hold that plaintiff has not forecast evidence establishing his claims of negligence and affirm the trial court's grant of summary judgment to the unnamed defendant.

POWELL v. DOE

[123 N.C. App. 392 (1996)]

Plaintiff's evidence tends to show that on 23 May 1994, Flores was walking along a roadway in Forsyth County, North Carolina, when he was· struck and killed by an automobile. The tortfeasor was never located or identified. Winston-Salem Police Officer Troy Davis Monroe investigated the accident. In his deposition, Officer Monroe described the accident scene in detail. Decedent was found lying dead on the incline of a ditch, adjacent to the roadway. Shards of broken glass were found at the scene, and decedent had glass in his hair. Officer Monroe concluded that some of the glass was from a broken windshield and some from a broken signal lamp lens.

Officer Monroe opined from the position of decedent's body, a "scuff" mark on the road, and the glass debris, that decedent had been walking in the direction of traffic when he was struck. Officer Monroe was unable to conclude from the accident scene and his observation of decedent's body whether the hit and run driver had violated any vehicular laws, other than the statutory duty to stop and render aid at the scene of an accident. *See* N.C. Gen. Stat. § 20-166(a) and (b) (1993).

An autopsy revealed extensive blunt trauma to various parts of decedent's body. The Medical Examiner noted the cause of death was "multiple injuries." There is evidence in the record indicating that decedent's wounds were consistent with that of a person struck by a car. Plaintiff brought suit against the unknown hit and run driver and decedent's uninsured motorist carrier (the unnamed defendant), pursuant to N.C. Gen. Stat. § 20-279.21(b)(3)(b) (1993).

The trial court granted the unnamed defendant's motion for summary judgment, finding no genuine issues of material fact in dispute and that defendant was entitled to judgment as a matter of law. The gravamen of plaintiff's complaint against the hit and run driver and the uninsured motorist carrier lies in tort, as plaintiff maintains the hit and run driver's conduct amounted to a willful, wanton, and malicious negligent act, and was an act constituting negligence *per se*. We conclude that plaintiff's cause of action for negligence fails for lack of a forecast of evidence establishing all elements of his claims. Plaintiff's claim of negligence *per se* fails, similarly, as plaintiff has not forecast evidence demonstrating how the hit and run driver's failure to render aid at the scene of an accident either caused or exacerbated decedent's injury. As a result of plaintiff's failure to forecast essential elements of his causes of action, we affirm the trial court's grant of summary judgment.

A party will prevail on a motion for summary judgment only if the moving party (here, defendant) can show that no material facts are in dispute, and entitlement to judgment as a matter of law. *Moore v. City of Creedmoor*, 120 N.C. App. 27, 36, 460 S.E.2d 899, 905 (1995), *disc. review allowed*, 342 N.C. 658, 467 S.E.2d 718 (1996). In addition, the record is to be viewed in the light most favorable to the nonmovant, giving it the benefit of all inferences which reasonably arise therefrom. *Id.* The moving party will prevail if it can show that " 'an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.' " *Andersen v. Baccus*, 335 N.C. 526, 530, 439 S.E.2d 136, 138 (1994) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).

Evidence properly considered on a motion for summary judgment "includes admissions in the pleadings, depositions on file, answers to Rule 33 interrogatories, admissions on file . . . affidavits, and any other material which would be admissible in evidence or of which judicial notice may properly be taken." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 533, 180 S.E.2d 823, 829 (1971). In addition, by properly verifying a complaint, plaintiff is entitled to have allegations within it which are based on personal knowledge "considered as equivalent to a supporting or opposing affidavit, as the case may be." *Schoolfield v. Collins*, 281 N.C. 604, 612, 189 S.E.2d 208, 213 (1972) (quoting 6 James W. Moore, et al., *Moore's Federal Practice*, par. 56.11[3] at 2176 (2d ed. (1965)).

[1] Plaintiff's instant cause of action, which arises from claims of common law negligence and the violation of statutorily imposed duties of care, is not cognizable. It is well-settled law that an action based on negligence will lie if a tortfeasor "fail[s] to exercise that degree of care which a reasonable and prudent person would [have] exercise[d] under similar conditions." *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 177-78 (1992). "A defendant is liable for his negligence if the negligence is the proximate cause of injury to a person to whom the defendant is under a *duty* to use reasonable care." *Id.* (emphasis added).

Plaintiff's complaint also alleges the hit and run driver breached several statutory duties of care owed decedent by, *inter alia*, "driving too fast for conditions" (N.C. Gen. Stat. § 20-141 (a) (1993)), "[o]per-

ating his motor vehicle in a careless and reckless manner" (N.C. Gen. Stat. § 20-140(a) and (b) (1993)), failing "to keep a proper lookout" (*see generally* N.C. Gen. Stat. § 20-174 (1993)), and "fail[ing] to yield the right of way to pedestrian traffic" (N.C. Gen. Stat. § 20-174(e) (1993)). Plaintiff's complaint is not based on personal knowledge, is not verified, and may not be considered an affidavit. Therefore, our analysis turns to the record for a determination of whether plaintiff has forecast evidence establishing the hit and run driver's negligence under common law, or for breach of one of the above listed statutorily imposed duties.

After reviewing the record, including the autopsy report of Dr. G.J. Davis, Forsyth County Medical Examiner (which we note was unsigned), and the deposition of Officer Troy Davis Monroe, we conclude that no evidence has been forecast establishing any negligence whatsoever arising from the hit and run driver's role in the accident. Based on the record before us, all that can be said is that decedent was struck by a vehicle, and that the driver of that vehicle did not stop or return to the scene of the accident. These facts alone are not enough to establish a breach of duty owed the decedent by the hit and run driver, *i.e.*, there is no forecast of negligence relevant to these claims in the record.

In *First Union National Bank v. Dairy, Inc.*, this Court reviewed the difficulty of establishing negligence in cases such as this. *Dairy*, 20 N.C. App. 101, 105, 201 S.E.2d 76, 79 (1973), *cert. denied*, 285 N.C. 85, 203 S.E.2d 57 (1974). In *Dairy*, we noted

"If it be conceded that the plaintiff's intestate was injured and killed upon the highway by being struck by the defendants' truck, or by a board or piece of lumber on said truck, in the *absence of any evidence of where* on the highway the intestate was at the time of being stricken, *or of when* he got on the highway, *or of how long* he had been on the highway before being stricken, the plaintiff's case must fail. *The mere fact that he was injured and killed does not constitute evidence that his injury and death were proximately caused by the negligence of the defendants.*"

*Dairy*, 20 N.C. App. at 105, 201 S.E.2d at 78-79 (emphasis added) (citation omitted); and *see Thompson v. Coble*, 15 N.C. App. 231, 232, 189 S.E.2d 500, 501, *cert. denied*, 281 N.C. 763, 191 S.E.2d 360 (1972).

Simply put, running over a person, and then leaving the scene, is not negligence in and of itself. *Mills v. Moore*, 219 N.C. 25, 29, 12

S.E.2d 661, 663 (1941); and *see Dairy*, 20 N.C. App. at 105-06, 201 S.E.2d at 79. Merely establishing that defendant left the scene is not the same as demonstrating that defendant's conduct *in hitting decedent* was negligent. *Mills*, 219 N.C. at 29, 12 S.E.2d at 663. There are reasons, other than fault, which could explain why a person might accidentally hit someone and then leave the scene.

First of all, the alleged tortfeasor might not even know that he has hit anyone with his automobile. The *Mills* Court was faced with just this scenario and concluded that

> [t]he physical facts present no reasonable theory to the exclusion of many others as to the circumstances under which the accident occurred. . . . The evidence is consonant with any of many theories which may be advanced with equal force, but all of which are speculative and rest on mere conjecture.

*Mills*, 219 N.C. at 30, 12 S.E.2d at 664. Human nature being as it is, it is conceivable that the hit and run driver left the scene out of panic. Without doubt, there are other reasons why someone might leave the scene of an accident, reasons totally disconnected from any application to questions of negligence.

In the instant case, there is some tenuous evidence which suggests that the hit and run driver might have known he had hit someone. We note that Officer Monroe's deposition testimony includes hearsay statements indicating the medical examiner had concluded the decedent might have been flipped onto the hood of the oncoming vehicle at impact. Aside from the questionable admissibility of this hearsay evidence, the medical examiner's "conclusions" do not speak dispositively to the issue of negligence. All that is proven from Officer Monroe's hearsay is that a vehicle struck a pedestrian and maybe the driver knew it—but this is not enough. We are asked to reverse the trial court on little more than speculation and conjecture. This we are unable to do.

We are also aware of, and acknowledge, the visceral tendency of people to seek an assignment of blame for tragedies such as this one. However, the rules governing negligence exist precisely for the purpose of apportioning such blame, and those rules dictate that we uphold summary judgment. Plaintiff has simply not made out a *prima facie* case on his common law negligence claims, or his claims based on the breaches of statutorily imposed duties enumerated *ante*.

**[2]** The remaining issue is whether the hit and run driver is liable under a *per se* negligence theory, based on his violation of N.C. Gen. Stat. § 20-166(a) and (b). This Court has held that, "[w]hen a statute sets a standard of care for the protection of others, violation of that statute is negligence *per se.*" *Hinnant v. Holland*, 92 N.C. App. 142, 147, 374 S.E.2d 152, 155 (1988), *disc. review denied*, 324 N.C. 335, 378 S.E.2d 792 (1989).

The statute at issue, N.C. Gen. Stat. § 20-166 is entitled: "Duty to stop in event of accident or collision; furnishing information or assistance to injured person . . . ." The applicable portions of § 20-166 state:

(a) **(Effective until January 1, 1995)** The driver of any vehicle who knows or reasonably should know:

(1) That the vehicle which he is operating is involved in an accident or collision; and

(2) That the accident or collision has resulted in injury or death to any person;

shall immediately stop his vehicle at the scene of the accident or collision. He shall remain at the scene of the accident until a law-enforcement officer completes his investigation of the accident or collision or authorizes him to leave; Provided, however, that he may leave to call for a law-enforcement officer or for medical assistance or medical treatment . . . . A willful violation of this subsection shall be punished as a Class I felony.

\* \* \* \*

(b) **(Effective until January 1, 1995)** In addition to complying with the requirement of (a), *the driver as set forth in (a) . . . shall render to any person injured in such accident or collision reasonable assistance,* including the calling for medical assistance if it is apparent that such assistance is necessary or is requested by the injured person. A violation of this subsection is a misdemeanor . . . .

(Emphasis added); and *see State v. Fearing*, 48 N.C. App. 329, 334, 269 S.E.2d 245, 247-48 (1980), *aff'd in part, rev'd in part on other grounds*, 304 N.C. 471, 284 S.E.2d 487 (1981). A plain reading of § 20-166 indicates it exists for safety purposes and imposes a duty of care upon a person whose vehicle collides with another person.

In *Fearing* this Court concluded that the general purpose of § 20-166 is to "facilitate investigation of automobile accidents *and to assure immediate aid to anyone injured by such collision.*" *Fearing,* 48 N.C. App. at 334, 269 S.E.2d at 248 (emphasis added). The *Fearing* Court also held that application of the statute is not dependent on fault. *Id.* Additionally, the *Fearing* Court determined that § 20-166 requires proof that the defendant was driving the automobile causing injury or death, and that defendant, knowing he had struck the victim, failed to stop immediately at the scene and render assistance. *Id.*

In the instant case, both plaintiff and defendant have briefed the *per se* negligence issue without contesting this theory's validity as an independent cause of action. There does not appear to be any case within this state addressing the use of § 20-166 as a method of establishing negligence as a matter of law. Even so, we note that our Civil Pattern Jury Instructions currently employ the statute for just such a use. *See* N.C.P.I., Civ. 217.10 (Motor Vehicle Volume) ("DUTY TO STOP AND RENDER AID AT THE SCENE OF AN ACCIDENT").

Given the absence of controlling precedent, we have reviewed the use of statutes similar to § 20-166 in other jurisdictions. Our review reveals that a persuasive number of jurisdictions employ duty to aid statutes as a means of establishing negligence *per se*. Annotation, *Violation of Statute Requiring One Involved in an Accident to Stop and Render Aid as Affecting Civil Liability,* 80 A.L.R.2d 299, 306 (1961). It is generally recognized that violation of a § 20-166-style statute is negligence *per se* if new injuries, or an aggravation of original injuries, occurs after the hit and run driver leaves the scene of an accident without rendering needed aid to the injured person. *Id.*; and *see Cheevers v. Clark,* 449 S.E.2d 528, 530 (Ga. Ct. App. 1994) (violation of criminal statute creating duty to render assistance is also negligence *per se*); *Boyer v. Gulf, Colorado & Santa Fe Railway Co.,* 306 S.W.2d 215, 222 (Tex. Civ. App. 1957) (violation of Article 1150 (duty to render assistance) of the Penal Code of Texas gives rise to negligence *per se*); *Brooks v. Willig Truck Transp.,* 255 P.2d 802, 809 (Cal. 1953) ("Failure to stop and render aid constitutes negligence as a matter of law, in the absence of a legally sufficient excuse or justification.")

It seems obvious that any negligence in failing to stop after an accident cannot be the proximate cause of the occurrence of the accident itself, or of any immediate injury or death resulting therefrom.

Thus, use of the otherwise penal § 20-166 as the standard for negligence *per se* will only be appropriate when the evidence shows that the hit and run driver's failure to stop and render aid either exacerbated the injury, resulted in unnecessary pain and suffering, or resulted in an avoidable death.

Further, we note that our statute requires evidence that the automobile operator knew, or should have known, that his vehicle was involved in an accident or collision resulting in injury or death. If the vehicle operator is cognizant that he has hurt someone, the duty to render assistance obtains. *Fearing*, 48 N.C. App. at 334, 269 S.E.2d at 248. The duty to aid an injured person includes provision of reasonable assistance to the injured person, and the calling for medical assistance. Sometimes, the rendering of aid will necessitate the driver leaving the scene *momentarily* in order to seek out help. In our opinion, recognition of § 20-166 as a *per se* rule establishes a well-reasoned standard, and comports with the *Hinnant* Court's holding concerning such use of safety statutes. *Hinnant*, 92 N.C. App. at 147, 374 S.E.2d at 155.

Having thus concluded that § 20-166 is indeed a *per se* negligence statute, we now turn to the question of whether the instant plaintiff has sufficiently forecast evidence of a § 20-166 violation. It is apparent plaintiff has not. Even accepting *arguendo*, that the hit and run driver had knowledge of the accident, plaintiff has not shown that decedent would have been aided in any way by the driver stopping at the scene and rendering the aid mandated by § 20-166. For example, the record is devoid of any forecast of evidence that decedent was still alive after the accident, or that his injuries could have been alleviated in some manner by the hit and run driver.

It is up to plaintiff to present a *prima facie* case, and he has not done so. For this reason, we conclude that summary judgment on the negligence *per se* issue was properly granted in favor of defendant. As such, the trial court's grant of summary judgment for defendant on all negligence issues is hereby

Affirmed.

Judges JOHNSON and JOHN concur.