# CIRCUIT COURT OF KING GEORGE COUNTY

Douglas T. Gray, Jr.,
Helen Gray,
and Donald Turman

v.

Linda Jenerette
and Lillian Alcorn

April 12, 2000

Case No. 99-96

BY JUDGE JAMES W. HALEY, JR.

> It has long been the rule in Virginia that a conveyance of land which
> is bounded by an abandoned road carries with it all the grantor's
> interest in the former road, unless a contrary intention is expressly set
> forth in the deed. *Williams v. Miller*, 184 Va. 274, 35 S.E.2d 127
> (1945) . . . . Thus, while a grantor may reserve such a strip from a
> conveyance, he must do so expressly. No such reservation will arise
> by implication.

*Tidewater Area Charities v. Harbour Gate Owners*, 240 Va. 221, 227-28, 396
S.E.2d 661, 665 (1990). See also, 3A M.J., *Boundaries*, § 21, p. 344, n. 19;
12 Am. Jur. 2d, *Boundaries*, § 35, p. 244; 49 A.L.R.2d 982, "Boundary —
Title to Center of Highway."

The issue here for resolution is whether a grantor maintained such a
reservation.

In 1908, John Berry acquired 99 acres in King George County, a portion
of which was bordered by Williams Creek. In 1930, Berry constructed what
became known as the Ferry Dock Road to provide access to Williams Creek

to accommodate a lessee who operated a ferrying service on Williams Creek. The road was traversed by the public who used the ferrying service. John Berry died in 1937, leaving his property to his heirs, those surviving of which are Respondents in this cause. In 1938, the ferry lease expired, and since then that portion of Ferry Dock Road providing access to Williams Creek has not been used as a roadway. In 1948, the Berry heirs subdivided the property.

Complainant Gray obtained his property by deed from the Berry heirs dated July 12, 1948. The description of the property conveyed is described as containing ".55 of an acre . . . more fully described by . . . the attached plat . . . made a part of this deed." The deed further grants Gray "all the ways, easements, and appurtenances thereon or in anywise appertaining." The deed contains no language whatsoever reserving any interest in Ferry Road to the grantors.

By deed dated March 7, 1949, the Berry heirs conveyed to Green, Complainant Turman's predecessor in title "1.46 acres . . . according to a survey . . . made a part of this deed." As in the Gray deed, this deed also included in the *habendum* the language quoted above concerning easements, etc. Again, the deed contains no language of reservation.

[The abandoned right of way that was formerly known as Ferry Dock Road lies along the boundary between Gray's land and Turman's land.]

The Berry heirs concede that any reservation "must lie within the conveyance itself." *Williams v. Miller*, 184 Va. 274, 279, 35 S.E.2d 127, 129 (1945). See also, *Cogito v. Dart*, 183 Va. 882, 33 S.E.2d 759 (1945); *Tidewater Area Charities, supra*; 12 Am. Jur. 2d, *Boundaries*, § 36, p. 448, n. 76.

In support of the position that a reservation lies within each deed, the Berry heirs maintain that the fact the surveys recite specific acreage, not including any area within Ferry Dock Road, and describe the property conveyed by metes and bounds not inclusive of any portion of Ferry Dock Road constitute a reservation by exclusion.

In *Richmond v. Thompson*, 116 Va. 178, 185, 81 S.E. 105, 107 (1914), the court recited the general rule and stated that "the fact that the distance to the side lines does not extend to the center of the way is not enough to exclude the operation of the rule." See also, *duPont v. American Life Ins. Co.*, 41 Del. Ch. 33, 187 A.2d 421 (1963). The general rule applies when the property conveyed is by metes and bounds, *Cogito v. Dart*, 183 Va. 882, 33 S.E.2d 759 (1945); *Everett v. Borsch*, 241 Cal. App. 2d 648, 50 Cal. Rptr. 813 (2d Dist. 1966), or by area excluding the roadway. *Askins v. British-American Oil Producing Co.*, 201 Okla. 209, 203 P.2d 877 (1949); *Hummel v. Young*, 1 Utah 2d 237, 265 P.2d 410 (1953). The general rule applies even though the

description of the property conveyed does not refer to it as bordering a road. *Durbin v. Roanoke Bridge Co.*, 107 Va. 753, 756, 60 S.E. 86, 87 (1908). The rule likewise applies even where the termination of public use has occurred before the conveyance. *McLaughlin v. Cybulski*, 192 Pa. Super. 7, 159 A.2d 14 (1948); *Neff v. Ernst*, 48 Cal. 2d 628, 311 P.2d 849 (1957).

In light of the foregoing, the court cannot accept Respondents' argument on this point.

Respondents next maintain that that portion of Ferry Dock Road contiguous to Complainants' properties was never used, dedicated, or accepted as a public road by a governmental entity, and subsequently abandoned. The general rule quoted in the first paragraph of this opinion applies whether the roadway is "public or private . . . where the land conveyed is bounded *on a private way* the same rule of construction obtains, though perhaps not so universally." *Cogito, supra*, 183 Va. 882, 889-90, 33 S.E.2d at 763 (emphasis supplied). See also, *Barchowsky v. Silver Farms, Inc.*, 105 Md. App. 228, 659 A.2d 347 (1995). In short, a dedication and acceptance by a governmental entity is not a condition precedent to application of the rule. It applies likewise to private ways formerly open to public use. Thus, Respondents' second argument fails.

Accordingly, the court concludes that Complainants are each the owner in fee to the center-line of that portion of Ferry Dock Road adjacent to their respective properties.

Though the matter arose only obliquely in oral argument, the court thinks it appropriate to address the question as to whether the Berry heirs retain any residual easement over that portion of the Ferry Dock Road adjacent to the Complainants. The court concludes they do not based upon the *habendum* language quoted above in each deed concerning any easements.